UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL RAYMOND LONGAN,<br><br>                Petitioner,<br><br>   v.<br><br>MARGARET GILBERT,<br>Superintendent of the Stafford Creek<br>Corrections Center,<br><br>                Respondent. | CASE NO. C16-6053 BHS<br><br>ORDER ADOPTING IN PART AND DECLINING IN PART REPORT AND RECOMMENDATION AND REMANDING FOR FURTHER PROCEEDINGS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 8), and Petitioner Daniel Raymond Longan's ("Longan") objections to the R&R (Dkt. 9). Having reviewed the R&R, the parties' pleadings, and the remainder of the record, the Court adopts in part and declines in part the R&R.

## I. BACKGROUND

On March 20, 2007, Longan was arrested upon the conclusion of a high-speed car chase where multiple shots were fired at police from the fleeing vehicle. Dkt. 7, Ex. 2 at 1–2. Longan was the driver of the vehicle. *Id.* On July 2, 2008, Longan was convicted on three counts of first degree assault with firearm enhancements and the trial court sentenced Longan to 480 months confinement. *Id.*, Ex. 1.

Longan appealed his convictions to the Washington Court of Appeals. *Id.*, Exs. 3-5. On August 25, 2009, the Washington Court of Appeals affirmed the convictions. *Id.*, Ex. 2. As one of his assignments of error, Longan claimed that the voir dire of a prospective juror in a private courtroom hallway violated his right to a public trial. Regarding this claim, the Court of Appeals concluded:

> Longan argues that the trial court denied him his right to a public trial by questioning a potential juror in the hallway during voir dire. But the trial court did not close the courtroom, as the judge did in *Orange*. He conducted the questioning of the potential juror in the hallway, which was just as open to the public as was the courtroom. Longan does not show that he was denied his right to a public trial.

*Id.*, Ex. 2 at pp. 6–7.

Longan moved for reconsideration of this decision, indicating that the record on appeal actually showed that the hallway where the voir dire took place was closed to the public. *Id.*, Ex. 6. However, the Court of Appeals denied reconsideration, indicating that this was an issue more appropriately brought as a personal restraint petition. *Id.*, Ex. 8. On November 30, 2009, Longan petitioned for review by the Washington Supreme Court. *Id.*, Ex. 9. On March 30, 2010, the Washington Supreme Court denied review. *Id.*, Ex. 11. On April 14, 2010, the Washington Court of Appeals issued its mandate. *Id.*, Ex. 12.

On December 2, 2009, Longan filed a personal restraint petition in the Washington Court of Appeals. *Id.,* Ex. 13–31. On September 29, 2015, after a lengthy stay of the proceedings, the Washington Court of Appeals denied the personal restraint petition. *Id.*, Exs. 28, 32. The Court of Appeals noted that, although prejudice is presumed on direct

appeal, collateral review of an alleged public trial violation requires a showing of actual and substantial prejudice. *Id.*, Ex. 32 at p. 6 n.6. Denying the petition, the Court of Appeals concluded that Longan's claim must fail "because Longan cannot show actual and substantial prejudice resulting from the trial procedure." *Id.*, Ex. 32 at p. 7.

On October 29, 2015, Longan moved for discretionary review by the Washington Supreme Court. *Id.*, Ex. 33. On June 6, 2016, the Commissioner of the Washington Supreme Court denied review on the same grounds as the Court of Appeals; namely, that Petitioner could not show prejudice resulting from the alleged denial of his right to a public trial. *Id.*, Ex. 34 at pp. 1–3. On July 6, 2016, Longan moved to modify the Commissioner's ruling. *Id.*, Ex. 35. On August 31, 2016, the Washington Supreme Court denied the motion to modify. *Id.*, Ex 36. On September 8, 2016, the Washington Court of Appeals issued a certificate of finality. *Id.*, Ex. 37.

On December 23, 2016, Longan filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. On February 8, 2017, Respondent Mary Gilbert (the "State") filed a response. Dkt. 5. On April 4, 2017, Judge Strombom issued the R&R denying the petition. Dkt. 9. On April 17, 2017, Longan objected to the R&R. Dkt. 9. On April 18, 2017, the State responded to the objections. Dkt. 10.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

## A. "Vagueness" of the R&R

First, the Court addresses Longan's argument regarding the supposed vagueness of the R&R. Specifically, Longan complains that Judge Strombom mischaracterized his first ground for relief as an ineffective assistance counsel claim based on counsel's "failing to raise a public trial." *See* Dkt. 9 at 2. Petitioner states: "Apart from the vagueness of what is meant by the R&R's use of the phrase 'raise a public trial,' the fact of the matter is that the R&R's mischaracterizes Ground One of the Petition." Dkt. 9 at 2. Aside from the fact that Longan actually misquotes the R&R to create an issue over a trivial spelling error— an error that notably does not actually exist—this argument lacks merit. The R&R actually describes Longan's first ground for relief as a claim for "ineffective assistance by failing to raise a public trial *violation* . . . ," which is exactly what Longan's claim is. Dkt. 9 at 1. To quote Longan's own description of his first ground for relief in his petition, his claim is that: "[w]here IAC is asserted under *Strickland v. Washington*, 466 U.S. 668, for counsel's failure to raise issue of public trial violation, prejudice to the defendant should be presumed and need not be proven." Dkt. 1 at 6. Therefore, to the extent Longan argues that the R&R is vague or mischaracterizes his petition, those objections are rejected.

## B. Public Trial Violation

Longan also argues that he was deprived of the right to a public trial due to ineffective assistance of counsel and that the Washington Court of Appeals improperly required him to show actual and substantial prejudice resulting from his counsel's failure

to inform him of his right to a public trial or to object to a nonpublic voir dire of a prospective juror.

In *Arizona v. Fulminante*, 499 U.S. 279, 307–10 (1991), the Supreme Court differentiated between two categories of constitutional errors in criminal cases: "trial errors" and "structural errors." Distinguishing between these two types of errors is often critical on review of a conviction for the following reason: While trial errors may be "quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt," *id.* at 308, structural errors "defy analysis by harmless error standards" because they "affect[] the framework within which the trial proceeds" and are not "simply an error in the trial process itself," *id.* at 309–310. *See also United States v. Cazares*, 788 F.3d 956, 970 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2484 (2016).

The Supreme Court has repeatedly stated that denying a defendant's right to a public trial constitutes a structural error not subject to harmless error review. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 149 (2006) ("[Structural] errors include the denial of counsel, the denial of the right of self-representation, *the denial of the right to public trial*, and the denial of the right to trial by jury by the giving of a defective reasonable-doubt instruction) (emphasis added and internal citations omitted); *Fulminante*, 499 U.S. at 310 ("[O]ther cases have added to the category of constitutional errors which are not subject to harmless error the following: unlawful exclusion of members of the defendant's race from a grand jury, the right to self-representation at trial, *and the right to public trial*.") (emphasis added and internal citations omitted). The Ninth

Circuit has also unequivocally stated that "[t]he denial of the right to public trial has been categorized as a structural defect." *Cazares*, 788 F.3d at 970 (citing *Gonzalez-Lopez*, 548 U.S. at 149).

The Supreme Court has also recognized that the right to a public trial extends "not only to the trial as such but also to the voir dire proceeding in which the jury is selected." *Waller v. Georgia*, 467 U.S. 39, 45 (1984); *see also Presley v. Georgia*, 558 U.S. 209, 209 (2010); *Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 505 (1984). Although it is clear that some circumstances will warrant closing voir dire to the public during jury selection, the Supreme Court has directed that "in those cases, the particular interest, and threat to that interest, must 'be articulated [by the trial court] along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Presley*, 558 U.S. at 215. Additionally, the Court must consider all reasonable alternatives to closure on the record. *Id.* at 216. As noted by the Supreme Court in *Press-Enterprise*, a trial court's failure to expressly consider alternatives to the closure of voir dire during jury selection will result in constitutional error, regardless of whether there otherwise existed adequate findings to justify closure. 464 U.S. at 511. Accordingly, "[a] district court violates a defendant's right to a public trial when it totally closes the courtroom to the public, for a non-trivial duration, without first complying with the four requirements established by the Supreme Court's *Press–Enterprise* and *Waller* decisions." *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011). In such circumstances, failure to engage in the necessary analysis will result in *automatic* reversal and a new trial, regardless of whether "the trial court had

an overriding interest in closing voir dire." *Presley*, 558 U.S. at 216; *see also Withers*, 638 F.3d at 1065.

Most applicable to the Court's analysis here is the rule that, "[b]ecause [public trial right] violations are structural errors, *they warrant habeas relief without a showing of specific prejudice*." *Withers*, 638 F.3d at 1063 (emphasis added). Longan has successfully shown that a portion of the voir dire of a potential juror was closed to the public. Dkt. 7, Ex. X, Appx. 3 at pp. 107–10. Moreover, the record shows that this hallway proceeding developed into a discussion that resulted in the striking of a completely different potential juror. *Id.* As such, it would seem incumbent upon the trial court to articulate specific findings supporting the closure and to consider all reasonable alternatives.

Additionally, the Court notes that the framing of Petitioner's public trial violation argument as a claim for ineffective assistance of trial counsel does not detract from the clearly and repeatedly articulated underlying claim that Petitioner was deprived of his right to a public trial. Moreover, "assuming that [a] public trial claim was viable, [the] counsel's failure to raise it almost certainly prejudiced [Petitioner]: Because violation of the public trial right is a structural error, [Petitioner] would have been entitled to automatic reversal of his conviction and a new trial had he established a violation." *Withers*, 638 F.3d at 1065 (citing *Waller*, 467 U.S. at 49–50; *Campbell v. Rice*, 408 F.3d 1166, 1171–72 (9th Cir. 2005)). Accordingly, the Court is left to conclude that violations of the right to a public trial, whether or not they are couched in a claim for ineffective assistance of counsel, all lead to the same well-established principle: Structural defects,

such as the violation of the right to a public trial, defy analysis by harmless-error standards.

When the Washington trial court closed a portion of a prospective juror's voir dire to the public, it failed to conduct any analysis justifying such a decision. Additionally, when the Washington Court of Appeals and Washington Supreme Court denied Longan's personal restraint petition as it pertained to his allegations of a public trial violation, they did so under an analysis requiring that Longan show actual and substantial prejudice. Dkt. 7, Ex. 3 at pp. 6–7; *id.*, Ex. 34 at p. 2. The Washington courts' analysis was in error because they applied a standard requiring actual and substantial prejudice when clearly established Supreme Court precedent says that public trial violations are structural defects. *Cummings v. Martel*, 796 F.3d 1135, 1153 (9th Cir. 2015), *opinion amended on denial of reh'g*, 822 F.3d 1010 (9th Cir. 2016), *and cert. denied sub nom. Cummings v. Davis*, 137 S. Ct. 628, 196 L. Ed. 2d 533 (2017) (quoting *Frantz v. Hazey*, 533 F.3d 724, 734 (9th Cir. 2008) (en banc)) ("[A] state court's 'use of the wrong legal rule or framework . . . constitute[s] error under the 'contrary to' prong of § 2254(d)(1)."); *see also Norris v. Morgan*, 622 F.3d 1276, 1288 (9th Cir. 2010); *Price v. Vincent*, 538 U.S. 634, 640 (2003).

The R&R similarly based its conclusion on a theory that counsel's failure to object to the nonpublic voir dire was not prejudicial. Dkt. 8 at 9. To the extent the R&R relied on Ninth Circuit and Supreme Court authority to conclude that no constitutional violation occurred in this case, the cases cited in the R&R deal with a defendant's rights under the confrontation clause rather than Longan's asserted right to a public trial—a subtle but

important distinction. *See id.* at 14–15 (collecting cases). Moreover, the record is clear that a closure did occur, although there remains outstanding the issues of whether that closure was "trivial" or the right to a public trial was waived. *See infra.* Accordingly, the Court declines to adopt the R&R to the extent it dismisses Longan's allegations of a public trial violation based on a conclusion that there was no closure of the proceedings and that the Washington courts properly applied the *Strickland* prejudice standard. *See* Dkt. 8 at 8–9.

Although Longan has established that the trial court denied public access to a portion of a prospective juror's voir dire and the striking of another potential juror without performing any prerequisite analysis, two issues remain outstanding. First, no one has addressed whether the trial court's closure of voir dire was "for a non-trivial duration." *Withers*, 638 F.3d at 1063. This issue should be addressed by reviewing whether the trial court's closure of voir dire infringed upon the values behind the right to a public trial, including: (1) ensuring a fair trial, (2) reminding the prosecutor and judge of their responsibility to the accused and the importance of their functions, (3) encouraging witnesses to come forward, and (4) discouraging perjury. *See United States v. Dharni*, 738 F.3d 1186, *reh'g granted and opinion vacated*, 757 F.3d 1002 (9th Cir. 2014) (quoting *United States v. Ivester*, 316 F.3d 955, 960 (9th Cir. 2003)). Second, it remains unclear whether Petitioner waived his right to a public trial. *See Cazares*, 788 F.3d at 971 (citing *Levine v. United States*, 362 U.S. 610, 619 (1960)) ("The right to a public trial can . . . be waived."). In *Cazares*, the Ninth Circuit found that when a defendant waived objections to the voir dire of prospective jurors outside of his presence,

these facts "support[ed] finding a valid waiver of the right to be present at voir dire *and a valid waiver of the right to a public trial*." *Id.* at 971 (emphasis added). This analysis from *Cazares* seems directly applicable to the case at hand, where the record presently shows that Longan expressly waived his right to be present during the nonpublic voir dire. The parties have not briefed these issues and the Court finds it would be imprudent to decide the case on either of these bases without requesting the parties' input. Moreover, review of these issues need not be limited to the current record regarding the closure and the surrounding circumstances, as the Court may conduct an evidentiary hearing—if warranted—and Longan's attorney-client privilege may be waived in order to better ascertain the extent of the closure or the extent to which Petitioner waived his rights.

**C. Right to Testify**

The Court next considers Longan's objection that the R&R improperly disposes of his claim that ineffective assistance of counsel deprived him of an opportunity to testify in his own defense. The Court summarily rejects this argument. The state courts and the R&R properly assessed this claim under the *Strickland* standard and found that, had Longan testified, it would not have changed the result of his trial. *See* Dkt. 8 at 10–12. Indeed, Longan's proposed testimony offered little (if any) exculpatory information and the evidence that the State could bring in as a result of Longan testifying would have made the prosecution's case significantly more damning when added to the evidence that was on the record when the defense rested. *See id.* The Court also notes that whether or not an evidentiary hearing was held regarding counsel's refusal to let Longan testify

despite alleged private communications wherein Longan expressed his desire to do so is important to the issue of the reasonableness of counsel's conduct, but it is irrelevant to the analysis of prejudice. Therefore, because it was reasonable for the Washington Supreme Court to conclude that Plaintiff failed to show prejudice resulting from his counsel's conduct, the Court adopts the R&R on this issue.

### III. CONCLUSION AND ORDER

Remaining before the Court are the issues of (1) whether Longan waived his right to public trail as it pertains to the nonpublic voir dire of a prospective juror and the striking of an additional prospective juror, and (2) whether that nonpublic voir dire was a trivial closure. On remand, the Honorable Theresa L. Fricke, United States Magistrate Judge,[1] may request additional briefing on these issues, including whether an evidentiary hearing is needed. Therefore, the Court having considered the R&R, Longan's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part** and **DECLINED in part** as described above; and

(2) The case is **REMANDED** to Theresa L. Fricke, United States Magistrate Judge, for further proceedings consistent with this order.

Dated this 7th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge

---

[1] Judge Strombom has retired since the R&R was issued on April 4, 2017.