UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL RAYMOND LONGAN,

                      Petitioner,

     v.

MARGARET GILBERT, Superintendent of the Stafford Creek Corrections Center,

                      Respondent.

Case No. C16-6053 BHS

ORDER GRANTING IN PART, AND DENYING IN PART, PETITIONER'S REQUEST FOR CLARIFICATION

This matter comes before the Court for proceedings pursuant to an order from the Honorable Benjamin H. Settle, regarding a claim raised in Daniel Raymond Longan's Petition for Habeas Corpus. Dkt. 11. Having carefully considered Dkt. 11, the Order Adopting in Part and Declining in Part Report and Recommendation and Remanding for Further Proceedings, and the balance of the record, the Court finds that it is appropriate to grant part of the Petitioner's request for clarification (Dkt. 17) concerning the Court's order for briefing and oral argument on the issues of:

- whether the Petitioner waived his right to public trial as it pertains to the nonpublic voir dire of a prospective juror and the striking of an additional prospective juror,
- whether nonpublic voir dire was a trivial closure, and
- whether an evidentiary hearing is warranted.

The petitioner asks whether the issue of public trial denial, separated from the issue of ineffective assistance of counsel, should be briefed by the parties. The answer to this question is

ORDER GRANTING IN PART, AND DENYING IN PART,
PETITIONER'S REQUEST FOR CLARIFICATION - 1

yes. The Court's Order (Dkt. 11) referred the case to the undersigned so that briefing may be considered as to *both* aspects of the petitioner's allegations concerning non-public voir dire: whether the Washington trial and appellate courts properly evaluated petitioner's factual and legal allegations concerning the underlying right to a public trial *and* the right to effective assistance of counsel. As the Court's June 7, 2017 Order (Dkt. 11 at 7-8) explains: "Accordingly, the Court is left to conclude that violations of the right to a public trial, whether or not they are couched in a claim for ineffective assistance of counsel, all lead to the same well-established principle: Structural defects, such as the violation of the right to a public trial, defy analysis by harmless-error standards." Likewise, the Court's Order (Dkt. 11 at 9) observes that: "[T]he record is clear that a closure did occur, although there remains outstanding the issues of whether that closure was 'trivial' or the right to a public trial was waived. . . . Accordingly, the Court declines to adopt the R&R to the extent it dismisses Longan's allegations of a public trial violation based on a conclusion that there was no closure of the proceedings and that the Washington courts properly applied the *Strickland* prejudice standard."

This Court has not made assumptions or reached a conclusion regarding whether the recent precedent from the United States Supreme Court in *Weaver v. Massachusetts,* __ U.S. __, 2017 WL 2674153 (2017) does or does not apply to this situation. The Court trusts that the parties will address *Weaver* in their briefs.

The Court declines to revisit the Report and Recommendation (Dkt. 8) in this case. The petitioner's Request for Clarification (Dkt. 17) is asking the undersigned to restate or provide additional interpretation of the Report and Recommendation dated April 4, 2017, and that portion of the Request for Clarification is denied.

1     Dated this 29th day of June, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART, AND DENYING IN PART,
PETITIONER'S REQUEST FOR CLARIFICATION - 3