UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL RAYMOND LONGAN,

    Petitioner,

 v.

MARGARET GILBERT,
Superintendent of the Stafford Creek
Corrections Center,

    Respondent.

CASE NO. C16-6053 BHS

ORDER ADOPTING IN PART
AND DECLINING TO ADOPT IN
PART REPORT AND
RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. 8), and Petitioner Daniel Raymond Longan's ("Longan") objections to the R&R (Dkt. 9). Having reviewed the R&R, the parties' pleadings, and the remainder of the record, the Court adopts in part and declines in part the R&R.

On December 23, 2016, Longan filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. On February 8, 2017, Respondent Mary Gilbert (the "State") filed a response. Dkt. 5. On April 4, 2017, the Honorable Karen L. Strombom, United States Magistrate Judge, issued an R&R recommending that the Court

ORDER - 1

deny the petition. Dkt. 9. On April 17, 2017, Longan objected to the R&R on numerous grounds, including an argument that Judge Strombom's R&R mistakenly denied his claim for a "public trial violation" under a harmless-error standard even though the violation was a structural defect that was raised on direct appeal. Dkt. 9.

On June 7, 2017, the Court entered an order adopting Judge Strombom's R&R in part and remanding in part to Judge Fricke for further consideration.[1] Dkt. 11. Specifically, the Court remanded for Judge Fricke to consider "the issues of (1) whether Longan waived his right to public trial as it pertains to the nonpublic voir dire of a prospective juror and the striking of an additional prospective juror, and (2) whether that nonpublic voir dire was a trivial closure." *Id.* at 11.

On September 5, 2017, after significant additional briefing and a hearing, Judge Fricke entered the R&R. Dkts. 14–27. The R&R concludes that the trial closure upon which Longan's claim is based was a trivial closure and that Longan waived his right to a public trial. Dkt. 27. On September 18, 2017, Longan objected to the R&R. Dkt. 28. On October 5, 2017, Respondent filed a response to the objections. Dkt. 29.

The district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

---

[1] Judge Strombom retired between the issuing of her R&R on April 4, 2017, and the Court's consideration of Plaintiff's objections on June 7, 2017.

"A district court violates a defendant's right to a public trial when it totally closes the courtroom to the public, *for a non-trivial duration*, without first complying with the four requirements established by the Supreme Court's *Press–Enterprise* and *Waller* decisions." *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011) (emphasis added). When reviewing the substantial or trivial nature of a closure, the Court must examine whether the closure infringed upon the values behind the public trial right, including: (1) ensuring a fair trial, (2) reminding the prosecutor and judge of their responsibility to the accused and the importance of their functions, (3) encouraging witnesses to come forward, and (4) discouraging perjury. *See United States v. Ivester*, 316 F.3d 955, 960 (9th Cir. 2003)). Additionally, even if a court fails to comply with the *Press–Enterprise* and *Waller* requirements and the closure is not trivial, "[t]he right to a public trial can also be waived." *United States v. Cazares*, 788 F.3d 956, 971 (9th Cir. 2015), *cert. denied,* 136 S. Ct. 2484 (2016) (citing *Levine v. United States*, 362 U.S. 610, 619 (1960)).

Having considered the R&R, Longan's objections, and the remaining record, the Court agrees with Judge Fricke that the closure was trivial in duration and nature in light of the values that the right to a public trial serves. *See* Dkt. 27 at 4–13. In particular, the Court agrees that the brief closure in this case to discuss health issues and the physical ability of two jurors did not in any way affect the fairness of Longan's trial or in any meaningful way undermine the prosecutor or judge's awareness of their responsibilities to the accused. This is not to say that striking a juror during a brief trial closure would be trivial under other circumstances. For instance, had the trial court discussed striking a

juror based on bias or inability to be impartial, the Court would be inclined to find that the closure was substantial. In this case however, the trial court only briefly discussed a possibly embarrassing health issue of one prospective juror and stated its intent to strike another based on his seeming inability to hear the proceedings. Both the prosecution and counsel for Longan agreed. Therefore, the Court adopts the R&R's conclusion that such a discussion was "technical and administrative," focused primarily on the physical practicality of seating particular prospective jurors, and had no meaningful impact on Petitioner's right to a public trial. *See* Dkt. 27 at 9–11. *See also Ivester*, 316 F.3d at 959 ("The discussion concerning how to handle the questioning [of jurors regarding their concerns of safety] was technical and administrative, not impacting the Sixth Amendment right to a public trial."); *Braun v. Powell*, 227 F.3d 908, 919 (7th Cir. 2000) (holding that the exclusion of a single excused juror from the trial did not implicate the right to a public trial, applying *Peterson v. Williams*, 85 F.3d 39 (2nd Cir. 1996)).

The Court is more reluctant to conclude that Plaintiff waived the right to a public trial. While Petitioner may have waived his right to be present or have public the portion of the closure discussing the first prospective juror's health problems, the record suggests that Petitioner was never afforded an opportunity to object to the closure in regard to the striking of a second prospective juror. Nonetheless, the Court need not address this issue as it has already adopted the R&R's conclusion that the closure was trivial.

Finally, the Court believes that Petitioner's claim of a public trial violation deserves encouragement to proceed further, and therefore issues a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). For instance, by

adopting the R&R's analysis, the Court's decision rests on a finding that the trial judge's decision to strike the second prospective juror was an "administrative jury matter" that does not implicate the values served by the right to a public trial. Nonetheless, the Court recognizes that reasonable jurists may disagree on whether the striking of a prospective juror can ever constitute a trivial administrative matter, regardless of the trial court's practical or administrative basis for the decision.

Therefore, the Court does hereby find and order as follows:

(1) The R&R (Dkt. 27) is **ADOPTED in part and DENIED in part**;

(2) The Petition (Dkt. 1) is **DENIED**; and

(3) Petitioner is **ISSUED** a certificate of appealability.

Dated this 2nd day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge